An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TERRANCE L. OLIVER,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 62030 |
| TERRANCE L. OLIVER,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 62031<br><br>**FILED**<br>JUN 1 2 2013<br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

### ORDER OF AFFIRMANCE

These are proper person appeals from orders by the district court denying a post-conviction petition for a writ of habeas corpus and a motion to modify and/or correct an illegal sentence.[1]  Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Docket No. 62030

In his post-conviction petition filed on August 14, 2012, appellant claimed that the Nevada Department of Corrections violated due process when it failed to properly credit him with 340 days of

---

[1]We elect to consolidate these appeals for disposition. NRAP 3(b). These appeals have been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the records are sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17254

statutory good time and 150 days for work or study pursuant to NRS 209.4465, and 540 days for participation in programs pursuant to NRS 209.449. Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition because appellant failed to demonstrate that he was entitled to any additional credits and failed to demonstrate a violation of a constitutional right. *See* NRS 209.4465; NRS 209.449.

Docket No. 62031

In his motion filed on August 14, 2012, appellant claimed that he should have received 2,128, rather than 835, days of presentence credit for time served because that was the amount credited to his concurrent sentence in a later case. Appellant failed to demonstrate that the district court relied on mistaken assumptions regarding his criminal record that worked to his extreme detriment. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Appellant also failed to demonstrate that his sentence was facially illegal or that the district court lacked jurisdiction. *See id.* We therefore conclude that the district court did not err in denying appellant's motion. Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. David B. Barker, District Judge
Terrance L. Oliver
Attorney General/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk